UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK D. JOHNSON, ) | CASE NO. 4:15-cv-2085 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | |
| ) | **ORDER AND DECISION** |
| CHRISTOPHER LAROSE, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter appears before the Court on Petitioner Frederick D. Johnson's objections to the Magistrate Judge's Report and Recommendation ("R & R").  Doc. 13.  After reviewing the R & R and the underlying record, Johnson's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation.  Doc. 13.

The R & R adequately states the factual and procedural background of this case.  Johnson has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I.  STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS

Johnson acknowledges that his claims are otherwise time-barred but seeks an equitable exception for a claim of actual innocence. Doc 14 at 2. The Magistrate Judge found Johnson's "evidence" of actual innocence – an affidavit from someone he has known for 20 years – to be "unreliable" and that even if the "purported alibi evidence had been submitted to the jury, reasonable jurors could have still found him guilty." Doc. 13 at 23, 24. Thus the Magistrate Judge found that Johnson could not sustain his burden of establishing that it is "'more likely than not, in light of the [friend's] affidavit, no reasonable juror would find [Johnson] guilty beyond a reasonable doubt.'" Doc. 13 at 24. Thus, the Magistrate Judge recommended that the Court grant Respondent's motion to dismiss based on procedural default. Doc. 13.

As for his objections, Johnson makes a single, narrow objection to the R & R. While Johnson admits that the Magistrate Judge cited the appropriate legal standard, he argues that the Magistrate Judge actually applied a different standard in his review of the facts. Doc. 14 at 9. Therefore, the Court starts its analysis with the legal standard for a claim of actual innocence as explained in the R & R:

> In *McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling; rather, it is a request for an equitable exception to § 2244(d)(1). *Id.* at 1931. A persuasive showing of actual innocence is deemed to justify an equitable exception to the statute of limitations because otherwise, a refusal to consider a habeas petition due to its untimeliness could result in a fundamental miscarriage of justice. See *Patterson v. Lafler,* 455 Fed. Appx. 606 (6th Cir. Jan. 9, 2012) (citing *Murray v. Carrier,* 477 U.S. 478, 495-96, 106 S.Ct. 2639, 91 Led.2d 397 (1986). In *McQuiggin,* the Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Thus, the threshold inquiry is whether "new facts raise [] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however that the actual innocence exception should "remain rare" and only be applied in the 'extraordinary case.'" *Id.* at 321

Doc. 13 at 19-20.

In applying this standard, the Magistrate Judge found that the sole evidence of innocence – the affidavit of Jesica Farrier – was unreliable because it was potentially biased due to the 20-year association between Farrier and Johnson and Johnson's failure to raise the issue of an alibi witness in various *pro se* post-conviction filings.  The Magistrate Judge specifically questioned:

> Even if Johnson's trial and appellate attorneys failed to mention this issue – and provided ineffective assistance of counsel as a result – that does not explain why Johnson himself never disclosed this allegedly exculpatory evidence in post-conviction filings.  Johnson filed a motion for post-conviction relief pursuant to Ohio Rev. Code §2945.75(A)(2), a motion for relief of judgment pursuant to Ohio R. Civ. P. 60(B)(5), and appealed the trial court's decisions on these motions.  Yet, he did not raise the fact that he had a possible alibi witness in any of these *pro se* filings.  Nor does he provide any explanation for this omission in the habeas petition or Traverse filed in this court.  Johnson's failure to mention this key, purportedly exculpatory piece of evidence makes the late appearance of the Farrier affidavit inherently suspicious.

3

Doc. 13 at 23. Given this, the Magistrate Judge found that Johnson did not meet his burden of demonstrating that, more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt. Doc. 24.

Johnson disagrees with the ultimate outcome of the Magistrate Judge's reliability analysis. He responds to the Magistrate Judge's questions about reliability by arguing that he did not mention his alibi witness in previous *pro se* filings because he was incarcerated and unable to interview the witness and obtain an affidavit. Doc. at 9-10. He further argues that the Magistrate Judge erred by not reaching the same conclusion as the Sixth Circuit Court of Appeals in *Cleveland v. Bradshaw*, 693 F.3d 626 (6th Cir. 2012).

In *Cleveland*, the petitioner asserted his actual innocence claim from the beginning of the trial through post-conviction proceedings and his habeas petition. *Cleveland,* 693 F.3d at 629-31. The petitioner even attempted to present alibi witness testimony at trial and argued actual innocence at every level of his case. *Id.* The Sixth Circuit ultimately found that the new evidence he presented was reliable and that his actual innocence claim allowed him a "gateway" to overcome the procedural default and argue his constitutional claims on habeas review. *Id.* at 641.

Johnson argues that *Cleveland* is instructive in this case and should guide the Court's decision. However, the fact that Johnson now argues generally that he has alibi evidence is where the similarity with *Cleveland* ends. Unlike *Cleveland*, Johnson did not assert that he had alibi evidence at trial or in his subsequent *pro se* filings. This Court agrees with the Magistrate Judge that "[e]ven if Johnson's trial and appellate attorneys failed to mention this issue – and provided ineffective assistance of counsel as a result – that does not explain why Johnson himself never disclosed this allegedly exculpatory evidence in post-conviction filings."

4

Johnson argues that his incarceration prevented him from getting an affidavit from the witness, but this is unpersuasive. Certainly when Johnson prepared his own court filings from prison, he could have mentioned that he had alibi evidence because he was not at the scene of the crime and a specific witness could testify to that fact. Instead of mentioning this most-fundamental and crucial of evidence in his post-conviction filings, he makes other arguments attempting to seek relief from his conviction. The likelihood that a prisoner would not assert alibi evidence in seeking relief from the Court is so small that it calls into question the reliability of the affidavit and certainly does not meet the burden of demonstrating that "more likely than not[,] no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). Thus, the Magistrate Judge applied the correct legal standard and did not err in omitting a reference to *Cleveland*. Johnson's objection is overruled.

Johnson moves this Court for a certificate of appealability in the event that the Court dismisses his habeas petition. The Magistrate Judge recommended denial of the certificate, and Johnson has failed to demonstrate error in this recommendation. As such, the motion is denied for the same reasons as stated in the R & R.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Johnson's objection. Therefore, Petitioner Frederick Johnson's objection is OVERRULED. The Court ADOPTS Magistrate Judge Parker's R & R. Doc. 13. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: September 27, 2016          */s/ John R. Adams*
                                              Judge John R. Adams
                                              UNITED STATES DISTRICT COURT